IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| ABEL DE LUNA | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| ESCAPADE 2001 HOUSTON LLC; | § | |
| SIRUS A. FERDOWS; | § | |
| RICA PRODUCTIONS, GENERAL | § | |
| PARTNERSHIP TX; MELVA CANO; | § | |
| JOSE R. GUERRERO; EDMUNDO | § | |
| PEREZ; SALVADOR RODRIGUEZ; | § | |
| ALFREDO NAVARRO HINOJOSA; | § | |
| EL VOLCAN SOCIAL CLUB INC. d/b/a | § | |
| Far West | § | |
| | § | |
| Defendants. | § | |

| PLAINTIFF'S ORIGINAL COMPLAINT |
|---|

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW ABEL DE LUNA, (hereinafter "Luna"), and complains

against Defendant ESCAPADE 2001 HOUSTON LLC ("Escapade"), and

Defendant SIRUS A. FERDOWS ("Sirus") and Defendant RICA PRODUCTIONS,

GENERAL PARTNERSHIP TX ("Rica") and Defendant MELVA CANO ("Cano"),

1

Defendant JOSE R. GUERRERO, ("Guerrero"), Defendant EDMUNDO PEREZ ("Perez"), Defendant SALVADOR RODRIGUEZ ('Rodriguez"), ALFREDO NAVARRO HINOJOSA ("Hinojosa'), EL VOLCAN SOCIAL CLUB INC. d/b/a FAR WEST ("Far West")  (collectively hereinafter referred to as "Defendants") and alleges as follows:

## I.

## PARTIES

1.  Plaintiff Abel De Luna  resides and maintains his principal place of business in Los Angeles, California.

2.  Defendant Escapade 2001 Houston LLC is a Texas limited liability company, and with its principal place of business in Houston, Harris County, Texas. Defendant Escapade Houston Corporation may be served with process by serving its Registered Agent for Service, Cook Legal Group LLLP, at its place of business, 12505 Memorial Drive #330, Houston, Texas 77024.

3.  Defendant Sirus A. Ferdows is an individual that is a resident of the State of Texas and who does business within this Judicial District.  Defendant Sirus A. Ferdows may be served with process at his place of business, 11903 Eastex Freeway, Houston, Texas 77039.

4. Defendant Rica Productions, General Partnership, TX is a general

2

partnership pursuant to the laws of the State of Texas. It is a general partnership composed of Melva Cano and Jose R. Guerrero.  Rica Productions, General Partnership, TX may be served with process by serving its partners at 2110 Stone Rd., Pearland, TX 77581.

5.   Defendant Melva Cano is an individual and is a resident of the State of Texas and who does business within this Judicial District. Defendant Melva Cano may be served with process at her place of business, 2110 Stone Rd., Pearland, TX 77581.

6.   Defendant Jose R. Guerrero is an individual, that is a resident of the State of Texas and who does business within this Judicial District. Defendant Jose R. Guerrero may be served with process at his place of business, 2110 Stone Rd., Pearland, TX 77581.

7.    Defendant Edmundo Perez is an individual, that is a resident of the State of Texas and who does business within this Judicial District. Defendant Edmundo Perez may be served with process at his place of business, 400 S. Buckner Blvd, Dallas, Texas 75217.

8.    Defendant Salvador Rodriguez is an individual, that is a resident of the State of Texas and who does business within this Judicial District. Defendant Salvador Rodriguez may be served with process at his place of business, 400 S.

3

Buckner Blvd, Dallas, Texas 75217.

9.    Defendant Alfredo Navarro Hinojosa is an individual, that is a resident of the State of Texas and who does business within this Judicial District. Defendant Alfredo Navarro Hinojosa may be served with process at his place of business, 400 S. Buckner Blvd, Dallas, Texas 75217.

10.  Defendant EL VOLCAN SOCIAL CLUB INC. d/b/a FAR WEST is a Texas corporation, and conducts business within this Judicial District. Defendant EL VOLCAN SOCIAL CLUB INC. d/b/a FAR WEST may be served with process by at its place of business, 400 S. Buckner Blvd, Dallas, Texas 75217.

## II.

## NATURE OF THE ACTION

11.    As a complete, and independent claims for relief, Plaintiff asserts claims of trademark and service mark infringement, counterfeiting, false designations of origin and  unfair competition by Defendants under the laws of the United States, particularly under the  federal Trademark Act, as amended, 15 U.S.C. § 1051 et seq., and Texas statutory and  common law.

## III.

## JURISDICTION AND VENUE

12.    This Court has exclusive subject matter jurisdiction as to the violations

of the Lanham Act pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)-(c) and § 1338(a).

13.    This Court also has pendant jurisdiction over the state causes of action relating to unfair competition and to trademark, service mark, trade name and trade dress infringement, pursuant to 28 U.S.C. § 1338(b).

14.    The Court has specific personal jurisdiction over all the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortuous acts outside Texas, knowing and intending that such acts would cause injury within the state.

15.    Venue in this action is proper in the United States District Court for the Southern District of Texas by virtue of 28 U.S.C. §§ 1391(b) and 1391(c) in that some defendants reside in this District, transact affairs in this District and that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## IV.

## BACKGROUND FACTS COMMON TO ALL COUNTS

16.    Plaintiff, Luna alleges claims for federal trademark infringement and unfair competition in connection with Defendants' unauthorized and

unlawful use and misappropriation of a its duly registered federal trademark and service mark " Sonora Tropicana ".

17.    On November 5, 2013, Plaintiff obtained a federal registration of the service mark "Sonora Tropicana" with the United States Patent and Trademark Office as a service mark for entertainment services, namely, live performances of musical band; live performances by a musical group, in Class 41. A true and correct copy of the Certificate of Registration No. 4,427,642 is attached as Exhibit "A" and is incorporated by reference.

18.    On March 11, 201, Plaintiff obtained a renewal of the federal registration of the service mark "Sonora Tropicana" from the United States Patent and Trademark Office as a service mark for entertainment services, namely, live performances of musical band; live performances by a musical group, in Class 41. A true and correct copy of the Certificate of Registration No. 4,427,642 is attached as Exhibit "B" and is incorporated by reference.

19.    Sonora Tropicana is a musical group created in 1985 by the Plaintiff, it records and performs a musical genre of tropical beats known as "cumbia". As one the cumbia groups to reach international success, it is credited with helping to popularize the genre throughout Latin America and the United States. Over the past 36 years, Sonora Tropicana has performed all over the United States and has

6

recorded approximately 15 sound recordings albums.

20.     Plaintiff is the true and exclusive licensee of any and all rights throughout the United States and México to the U.S. trademark and service mark for the designation "Sonora Tropicana" for entertainment services, namely live musical performances.

21.     Plaintiff has used the name "Sonora Tropicana" substantially and continuously throughout the United States and México since 1985.

22.     Plaintiff has exhibited the musical group named "Sonora Tropicana" at live music performances in venues throughout the United States and México since 1985.

23.     Plaintiff has used the federally registered "Sonora Tropicana" mark for live music performances as well as on promotional flyers, electronic and print media, and other forms of advertisement and marketing for "Sonora Tropicana" musical performances.

24.     At significant expense and effort, Plaintiff has maintained the "Sonora Tropicana" federal trademark and enhanced the mark's value.

25.     Plaintiff has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Sonora Tropicana". Plaintiff has spent considerable sums of

money promoting and enhancing the goodwill associated with the "Sonora Tropicana" performances, services, and products throughout the United States and México.

26.     Plaintiff has continually controlled the content and quality of the "Sonora Tropicana" musical performances and other services and goods, which prominently display the distinctive style, trade dress, and persona of "Sonora Tropicana."

27.     Plaintiff's distinctive trade dress is strongly associated by the public with Plaintiff's musical group by virtue of extensive sales promotions, musical performances, displays, advertising and other marketing efforts, as well as the "Sonora Tropicana" manner of musical performance, image, style, sound and presentation.

28.     As a result of Plaintiff's afore described use, promotion and publicity, the "Sonora Tropicana" mark has acquired enormous value and inestimable goodwill and has become extremely well-known and famous to the consuming public and trade as identifying a source of high quality.

29.     Plaintiff's efforts have strengthened the public meaning of the inherently distinctive trademark and service mark "Sonora Tropicana." The mark is used to indicate the source of Plaintiff's "Sonora Tropicana" public performances

8

and other goods and services, identifying and distinguishing them from those rendered or sold by others.

30.     Defendants have knowingly operated and promoted a musical group of performing artists who call and style themselves as "Sonora Tropicana" by using a similar name and performing sounds of "Sonora Tropicana and causing confusion with the public.

31.     Defendants have knowingly misrepresented to the general public that their groups are the same as Plaintiff's group, which is the rightful owner of the trademark and service mark "Sonora Tropicana."

32.     Defendants have used a similar name to "Sonora Tropicana" in connection with the same goods and services as Plaintiff, all in direct violation of Plaintiff's "Sonora Tropicana" rights.

33.     Defendants have used the name "Sonora Tropicana" in advertising and marketing their group to promoters, venue operators, and others, preying upon the public confusion by utilizing a name that is identical to the tradename and mark of Plaintiff's musical group and undercutting the market for Plaintiff's group by selling Defendants' services at a greatly reduced rate from that charged by Plaintiff's musical group while utilizing an identical moniker.

34.     Defendants' activities have led unscrupulous promoters and venue

operators to use the sound recordings and name of "Sonora Tropicana" to advertise Defendants' services to an unsuspecting public, particularly since Defendants' pirate group has no sound recordings of its own, much less any sound recordings made and marketed under the name "Sonora Tropicana".

35.     The activities of Defendants stand to irreparably harm the group that Plaintiff has cultivated.

36.     Defendants have scheduled public performances for coming weeks in Texas and elsewhere, and that unscrupulous promoters and venue operators to whom Defendants sell the services of the Defendants' group are well aware that Defendants' gr utilized the name similar to "Sonora Tropicana" without the authorization of the Plaintiff to advertise, broadcast, market, and promote an event by using a similar to name " Sonora Tropicana" along with Plaintiff's sound recordings in any commercial group is not "Sonora Tropicana".

37.     Promoters, venue operators and  others have caused print and other forms of advertising to be placed before the public in a calculated effort to mislead the public into attending the performances of Defendants' no-name group by holding the group out as "Sonora Tropicana".

38.     Plaintiff is irreparably harmed each time Defendants practice their deceptions upon an unsuspecting public.  Such customers are less likely to be as

trusting next time a performance by Plaintiff's musical group is advertised. The damage to Plaintiff's reputation, earning ability and bottom line is incalculable; the harm is irreparable.

39.     Defendants can be expected to continue the above deceptive practices in order to benefit from the confusion they are causing unless enjoined form such deceptive activities.

40.     Defendants, Rica, Cano and Guerrero used a similar name to "Sonora Tropicana" in advertising and marketing their group to promoters, venue operators, and others, preying upon the public confusion by utilizing a name that is identical to the tradename and mark of Plaintiff's musical group and undercutting the market for Plaintiff's group by selling Defendants' services at a greatly reduced rate from that charged by Plaintiff's musical group while utilizing an identical moniker.  Furthermore, Defendants Rica, Cano and Guerrero contract from their business office in Pearland, Texas to furnish the services of their pirate musical group A true and correct copy of the flyers advertising the Defendants, Rica, Cano and Guerrero using a similar name as "Sonora Tropicana" are attached as Exhibit "C" and is incorporated by reference.

41.     On or about January 11, 2021, Plaintiff's counsel sent Defendant Escapade a letter demanding that Defendant cease and desist from advertising,

broadcasting,  marketing, promoting or using the name to "Sonora Tropicana" along with Plaintiff's sound  recordings in any commercial form, which was in direct violation of Plaintiff's rights. A true  and  correct  copy  of  the  Letter  is attached  as  Exhibit "D" and is incorporated  by  reference.

42.     On January 15, 2021,  Defendant Escapade with knowledge utilized the name similar to "Sonora Tropicana" without the authorization of the Plaintiff to advertise, broadcast, market,  and promote an event  by using a similar   to name " Sonora Tropicana" along with Plaintiff's sound  recordings in any commercial form,  which was in direct violation of Plaintiff's rights. A true and correct copies of the Advertisement are attached as Exhibit "E" and is incorporated by  reference.

43.     On or about June 25, 2021, Plaintiff's counsel sent Defendants, Perez, Rodriguez and Far West a letter demanding that Defendant cease and desist from advertising, broadcasting, marketing, promoting or using the name to "Sonora Tropicana" along with Plaintiff's sound recordings in any commercial form, which was in direct violation of Plaintiff's rights. A true and correct copy of the Letter is attached as Exhibit "F" and is incorporated by reference.

44.     On July  23, 2021, Defendants. Perez, Rodriguez and  Far West with knowledge utilized the name similar to "Sonora Tropicana" without the authorization of the Plaintiff to advertise, broadcast, market,  and promote an event  by using a similar   to name " Sonora Tropicana" along with Plaintiff's sound  recordings  in  any  commercial

12

form, which was in direct violation of Plaintiff's rights. A true and correct copies of the

Advertisement are attached as Exhibit "G" and is incorporated by reference.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

45.    Plaintiff realleges and incorporates by reference paragraphs 1 through

44 of this complaint as though fully set forth herein.

46.    This claim for relief arises under Section 32 of the Lanham Act, 15

U.S.C. § 114 and is alleged against all Defendants. Plaintiff has continuously since

the inception of the group in 1985, has used the mark " Sonora Tropicana" in

commerce in connection with the services of the musical group as performing and

recording artists. The mark "Sonora Tropicana" is inherently distinctive and has

acquired a secondary meaning to referring to Plaintiff's group. None of the

Defendants named herein have any claim or colorable right to utilize the name

"Sonora Tropicana".

47.    The foregoing acts of Defendants constitute infringement of U.S.

Trademark Registration No. 1,863,991 in violation of Section 32 of the Lanham Act,

15 U.S.C. § 1114.

48.    Defendants' unauthorized use of "Sonora Tropicana " as a mark

falsely indicates to consumers that Defendants' entertainment services originate from,

13

are approved by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment services and live music performances.

49.    Defendants' unauthorized use of "Sonora Tropicana" in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

50.    Defendants' unauthorized use of the "Sonora Tropicana" mark removes Plaintiff's ability to control the nature and quality of the goods and services provided under its "Sonora Tropicana" mark and places the Plaintiff's valuable reputation and goodwill in the hands of the Defendants.

51.    Plaintiff's mark is entitled to strong protection under Section 32 of the Lanham Act because such mark, when used to identify entertainment services and live music performances is "arbitrary" as to such services.

52.    Plaintiff believes that it has or is likely to be damaged by Defendants' use of the mark at issue and will suffer irreparable harm.

53.    Defendants are therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117 and 1118.

## COUNT II

## FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this complaint as if fully set forth herein.

55.     This claim for relief arises under 15 U.S.C. § 114 and is alleged against all Defendants.

56.     Defendants' foregoing acts constitute federal trademark counterfeiting of Plaintiff's federally registered trademark "Sonora Tropicana" as defined by 15 U.S.C. §§ 1114, 1116.

57.     Federal registration of a trademark is prima facie evidence of a registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b). Plaintiff possesses the right to initiate proceedings to enforce, protect, and defend the "Sonora Tropicana" brand.

58.     Plaintiff has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Sonora Tropicana."    Plaintiff has spent considerable sums of money promoting and enhancing the goodwill associated with the "Sonora Tropicana" performances, services, and products throughout the United States and in foreign

15

countries.

59.     Defendants have been advertising the performances of musical groups presenting themselves using a name similar to "Sonora Tropicana" at public performances that have taken place over several years.

60.     The Defendants' willful and intentional counterfeiting, imitating, and copying of Apodaca's registered trademark has confused, and will likely continue to confuse or deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

61.     Defendants' activities are in violation of 15 U.S.C. § 1116(1)(a) and constitute counterfeiting of a registered trademark in connection with the sale or offering for sale of a service which is likely to cause confusion, mistake or deception with the services offered by Plaintiff.

**COUNT III**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)**

62.     Plaintiff realleges and incorporates by reference paragraphs 1 through 61 of this complaint as if fully set forth herein.

63.     This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a) and is alleged against all Defendants.

16

64.     Defendants' unauthorized use of the "Sonora Tropicana" mark, trade name, and trade dress falsely indicates to consumers that Defendants' entertainment services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment services and live music performances.

65.     Defendants' unauthorized use of the "Sonora Tropicana" mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

66.     Defendants' infringement has been intentional and willful, constituting, and exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Plaintiff is therefore entitled to recover three times the amount of: (1) Defendants' profits; and (2) Defendants actual damages, including pre-judgment interest.  Plaintiff is further entitled to recover their attorney fees and costs incurred in this action.

67.     Defendants' unauthorized use of the "Sonora Tropicana" trademark, trade name and trade dress removes from Plaintiff the ability to control the nature and quality of the goods and services provided under its "Sonora Tropicana" mark and places the valuable reputation and goodwill of Plaintiff in the hands of the

Defendants.

68.     Plaintiff's mark is entitled to strong protection under Section 43(a)  of the Lanham Act because such mark, when used to identify entertainment services and musical sound recordings, is "arbitrary" as to such services, and because Plaintiff has extensively promoted the mark to the relevant public.

69.     Plaintiff has been or is likely to be irreparably damaged by Defendants' use of the mark, trade name, and trade dress at issue.

70.     Defendants' actions, as set forth above, constitute trademark, trade name and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     Defendants are therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117, and 1118.

## COUNT IV

## TRADEMARK DILUTION UNDER THE LANHAM ACT

72.     Plaintiff realleges and incorporates by reference paragraphs 1 through 71 of this complaint as if fully set forth herein.

73.     This claim for relief arises under Lanham Act and is alleged against all Defendants.

74.     The trade name and mark of Plaintiff', "Sonora Tropicana" has become

18

famous throughout the United States, through use in advertising of the musical group's services, through radio airplay, record sales, the appearance of the musical group on television broadcast in Latin America and the United States, newspaper and magazine articles concerning the group and public appearances at concerts, dances and events.

75.     Defendants' use of the "Sonora Tropicana" mark and distinctive designs tarnishes the image of and dilutes the distinctive character of the "Sonora Tropicana" mark and will diminish and destroy the public association of the trade name and mark of Plaintiff's musical group.

76.     In engaging in the actions complained of above, Defendants and each of them willfully intended and intend to trade on the reputation of the musical group of the Plaintiff.

77.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to Plaintiff.

78.     For each act of unfair competition, Plaintiff is entitled to recover actual damages as well as Defendants' profits from such infringement.

79.     Defendants' continuous use of Plaintiff' trademark and distinctive designs diminishes and dilutes the distinctive value of the mark, to the great

detriment of Plaintiff in contravention of 15 U.S.C. § 1125(c)(1).

80.     As a result of Defendants' activities, Plaintiff and the public have been and are likely to be further irreparably damaged.

## COUNT V

## COMMON LAW UNFAIR COMPETITION AND UNJUST ENRICHMENT

81.     Plaintiff realleges and incorporates by reference paragraphs 1 through 80 of this complaint as if fully set forth herein.

82.     This count asserted against Defendant is for unfair competition arising under the common laws of the State of Texas. The Defendants have unfairly competed with Plaintiff buy its commercial conduct surrounding its use of a trademark, service mark, and/or trade name that is confusingly similar with Plaintiff's trademark, thereby violating the common laws of the State of Texas. The Defendants' use was intended to mislead the public and lead to confusion and mistake and pass off services as those of the Plaintiff. The Defendants' actions constitute common law trademark infringement under the laws of the State of Texas. By means of such conduct, the Defendants have been unjustly enriched in violation of the common law of the State of Texas.

83.     The Defendants' conduct is contrary to honest practice in industrial or

commercial matters and violates Texas common law of unfair competition. The Defendants are directly or indirectly and/or through any corporation, entity, division, or devise; (a) passing off their goods or services as those of the Plaintiff by virtue of a substantial similarity between the two; (b) palming off their services are "Sonora Tropicana"; and simulating their performances to those of "Sonora Tropicana" in order to induce the purchasing public to buy a ticket to their performances  in the belief that they are those of "Sonora Tropicana" and leading to confusion on the part of potential customers in violation of Texas common law of unfair competition to the Plaintiff's damages.

84.     The Defendants' unfair competition has been committed willfully, deliberately, and in reckless disregard of Plaintiff's legal rights and/or with the malicious intent of injury.

## COUNT VI

## COMMON LAW TRADEMARK INFRINGEMENT

85.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84 of this complaint as if fully set forth herein.

86.     This count is asserted against Defendants for trademark infringement arising under the common law of the State of Texas.

87.     The acts of Defendants complained of herein constitute infringement

21

of Plaintiff's common law trademark rights and have caused and will continue to cause damage and irreparable injury to Plaintiff.

88.    The acts of Defendants complained of herein by infringing the trademark rights of Plaintiff have been committed intentionally, willfully, deliberately, in reckless disregard of Plaintiff's legal rights, and/or with the malicious intent of injuring Plaintiff.

## COUNT VII

## **DILUTION AND INJURY TO BUSINESS RELATIONS**

89.    Plaintiff realleges and incorporates by reference paragraphs 1 through 88 of this complaint as if fully set forth herein.

90.    This count asserted against Defendants is for injuring Plaintiff's business reputation under Tex. Bus. & Com. Code § 16.29 and the common law of the State of Texas.

91.    Section 16.29 of the Tex. Bus. & Com. Code provides that a person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under Chapter 16 of the Tex. Bus. & Com. Code or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services. Further, an injunction sought under this section can

be obtained pursuant to Rule 680 et seq. of the Texas Rules of Civil Procedure.

92.     Defendants are injuring Plaintiff's business reputation by engaging in an intentional course of conduct to copy, misappropriate, use, and unlawfully exploit Plaintiff's valuable intellectual property rights, including without limitation by infringing Plaintiff's rights in the registered mark "Sonora Tropicana", by falsely representing an association or affiliation with Plaintiff, and by other conduct designed to intentionally injure Plaintiff, damaging Plaintiff's goodwill and business reputation and diluting the distinctive quality of Plaintiff's intellectual property in violation of Tex. Bus. & Com. Code § 1629 and Texas common law, damaging and causing irreparable injury to Plaintiff.

93.     The acts of the Defendants in infringing Plaintiff's mark have been committed intentionally, willfully, deliberately, in reckless disregard of Plaintiff's legal rights and/or with the malicious intent of injuring Plaintiff's business reputation.

## JURY DEMAND

94.     Plaintiff demands trial by jury on all issues so triable herein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants under each of Plaintiff's respective counts as follows:

23

1.      For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.      For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Defendants and each of them and their agents, servants, employees and co-ventures, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)      Using the name "Sonora Tropicana" or any confusing similar, including "La Gran Sonora Tropikana" or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of Defendants or any of them.

(b)      Using the name " Sonora Tropicana" or any confusing similar, including "La Gran Sonora Tropikana" colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of Defendants;

(c)      Otherwise infringing or diluting the distinctive quality of Plaintiff's service mark and trade name "Sonora Tropicana";

(d)      Causing a likelihood of confusion, deception or mistake as to the

24

makeup, source, nature or quality of Plaintiff's or Defendants' services;

(e)   Contacting promoters, advertisers, or other businesses for the purpose of offering the services of Defendants as "Sonora Tropicana" or any confusing similar, including "La Gran Sonora Tropikana" or colorable imitation of the name.

3.   For an order requiring the Defendants to deliver up and destroy all promotional literature, advertising, goods and other materials bearing the infringing, diluting or injurious designations.

4.   For actual damages in amount not less than $100,000.00.

5.   For three times the amount of Plaintiff's actual damages suffered by reason of Defendants' infringement of Plaintiff's mark and trade name.

6.   For three times the amount of Defendants' profits derived from the infringement of Plaintiff's mark and trade name.

7.   For exemplary or punitive damages in view of Defendants' willful, wanton, and malicious infringement, unfair competition, injury to business reputation and other intentional acts complained of herein.

8.   For prejudgment interest.

9.   For an accounting of all monies received by Defendants form their activities in connection with the use of the name "Sonora Tropicana" and including "La Gran Sonora Tropikana".

10.     For costs of suit.

11.     For reasonable attorney fees.

12.     For such relief as the court may deem appropriate.


Respectfully submitted,


LAW OFFICES LÓPEZ & ASSOCIATES


*Anthony R. López*
Anthony R. López
State Bar I.D. CASBN149653
500 Newport Center Drive, Suite 600
Newport Beach, California 92660
Telephone: (310)276-4700
Facsimile: (310)861-0509
Email: alopez@musicatty.com
Attorneys for Plaintiff Abel De Luna

# EXHIBIT "A"

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,427,642**

**Registered Nov. 5, 2013**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

DE LUNA, ABEL (UNITED STATES INDIVIDUAL)
1200 W VENICE BLVD
LOS ANGELES, CA 90006

FOR: ENTERTAINMENT, NAMELY, LIVE PERFORMANCES BY A MUSICAL BAND; LIVE
PERFORMANCES BY A MUSICAL GROUP, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-1-1985; IN COMMERCE 1-1-1985.

OWNER OF U.S. REG. NO. 3,586,288.

THE MARK CONSISTS OF THE WORDS "SONORA TROPICANA" IN STYLIZED LETTERS.

SER. NO. 85-711,676, FILED 8-23-2012.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT "B"

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Monday, March 11, 2019 11:01 PM |
| **To:** | evaeva@att.net |
| **Subject:** | Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 4427642: SONORA TROPICANA (Stylized/Design) |

**U.S. Serial Number:** 85711676
**U.S. Registration Number:** 4427642
**U.S. Registration Date:** Nov 5, 2013
**Mark:** SONORA TROPICANA (Stylized/Design)
**Owner:** de Luna, Abel

Mar 11, 2019

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

## NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065.  **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below, unless canceled by an order of the Commissioner for Trademarks or a Federal Court, as long as the requirements for maintaining the registration are fulfilled as they become due.**

**Class(es):**
041

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

---

### REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified statutory time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date.  See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*THE USPTO IS NOT REQUIRED TO SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE OWNER SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To check the status of this registration, go to
https://tsdr.uspto.gov/#caseNumber=85711676&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch  or contact the Trademark Assistance Center at 1-800-786-9199.

To view this notice and other documents for this registration on-line, go to
https://tsdr.uspto.gov/#caseNumber=85711676&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=documentSearch  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

  \*   **For further information, including information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at https://www.uspto.gov/trademark/ or contact the Trademark Assistance Center at 1-800-786-9199.**

# EXHIBIT "C"






















# EXHIBIT "D"

# LAW OFFICES LOPEZ & ASSOCIATES

**9025 Wilshire Boulevard, Suite 500**
**Beverly Hills, California 90211**
**Telephone: (310)276-4700**
**Fax:  (310)861-0509**

January 11, 2021

***Via Facsimile (281)372-0157 and email sirus@imagenentmt.com***

Sirus Ferdows
Escapade 2001 Houston LLC
Escapade 2001-Houston
11903 Eastex Freeway
Houston, Texas 77039

Re:          **LA GRAN SONORA TROPIKANA - January 15, 2021 Performance**

Dear Mr. Ferdows:

Please be advised that this firm is counsel to Abel de Luna, in reference to the above captioned matter.    We have been informed that you are advertising, marketing, promoting, an event  for the appearance and performance of the "La Gran Sonora Tropikana", on or about January 15, 202,1at Escapade 2001 Houston located at 11903 Eastex Freeway, Houston, Texas 77039. (See attached performanceflyer)

**You are hereby placed on notice of the following**:

1.     That Abel de Luna is the licensed registered service mark owner of "Sonora Tropicana"and is the only authorized entity to enter into any agreement or contract for the performance of the "Sonora Tropicana" with any third party. (See attached registration)

2.     That Abel de Luna not enter into an agreement nor has authorized the appearance and performance of the "Sonora Tropicana" with you and/or any other person or entity for any dates, including but not limited to January 15, 2021.

3.     That  any advertisement, marketing and promotional materials which utilizes the name of "Sonora Tropicana" and  that are announcing the appearance and performance of the "La Gran Sonora Tropikana" is an infringement upon Abel de Luna's rights.

4.     That the unauthorized use of the "Sonora Tropicana" mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing "La Gran Sonora Tropikana's goods and services originate from or are associated with "Sonora Tropicana.

January 11, 2021
Page 2

4.      That in an action for infringement, which our client is currently intending to bring against you along with any other individual or entity involved in the use, advertising, marketing and promotion of the name "Sonora Tropicana", will be liable for damages, in addition to attorney fees' and costs.

Furthermore, as to liability for conduct that assist others in direct trademark infringement, see Inwood Laboratories, 456 U.S. 844, 10 S.Ct. 2182, the court said that contributory trademark liability is applicable if defendant (1) intentionally induces another to infringe on a trademark or (2) continues to supply a product knowing that the recipient is using the product to engage in trademark infringement.

In addition, providing the site and facilities for known infringing activity may be sufficient to establish contributory liability, see Fonovisa, Inc. v. Cherry Auction, Inc. 76 F.3d 259 (9th Cir. 1996).

On behalf of our client, we hereby demand that you cease and desist from advertising, broadcasting, marketing, promoting, or using the name "La Gran Sonora Tropikana" to advertise, promote and market the event  and that you immediately confirm to us in writing that you will not advertise, broadcast, market, promote, use the name "La Gran Sonora Tropikana in connection with any event scheduled for Escapade 2001.

Should you fail to immediately comply with the foregoing demand, our client shall be compelled to take such actions against you as may be necessary to  protect its rights and  interests,  in which event you and all others acting in concert with you shall be held individually and jointly liable for compensatory and punitive damages, profits, equitable relief, including without limitation an injunction, attorneys' fees and court cost.

The foregoing is not intended to be a complete statement of the facts or of the law relevant to this matter, nor of our client's legal and equitable rights and remedies, and nothing herein above stated or omitted shall be deemed a waiver or limitation of any right, remedy or cause of action of any kind whatsoever, all of which are hereby expressly reserved to our client.

Respectfully,

*Anthony R. Lopez*

Anthony R. Lopez, Esq



# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,427,642**

**Registered Nov. 5, 2013**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

DE LUNA, ABEL (UNITED STATES INDIVIDUAL)
1200 W VENICE BLVD
LOS ANGELES, CA 90006

FOR: ENTERTAINMENT, NAMELY, LIVE PERFORMANCES BY A MUSICAL BAND; LIVE
PERFORMANCES BY A MUSICAL GROUP, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-1-1985; IN COMMERCE 1-1-1985.

OWNER OF U.S. REG. NO. 3,586,288.

THE MARK CONSISTS OF THE WORDS "SONORA TROPICANA" IN STYLIZED LETTERS.

SER. NO. 85-711,676, FILED 8-23-2012.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Monday, March 11, 2019 11:01 PM |
| **To:** | evaeva@att.net |
| **Subject:** | Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 4427642: SONORA TROPICANA (Stylized/Design) |

**U.S. Serial Number:** 85711676
**U.S. Registration Number:** 4427642
**U.S. Registration Date:** Nov 5, 2013
**Mark:** SONORA TROPICANA (Stylized/Design)
**Owner:** de Luna, Abel

Mar 11, 2019

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

## NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065.  **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below, unless canceled by an order of the Commissioner for Trademarks or a Federal Court, as long as the requirements for maintaining the registration are fulfilled as they become due.**

**Class(es):**
041

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

---

### REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified statutory time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date. See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date. See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*THE USPTO IS NOT REQUIRED TO SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE OWNER SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To check the status of this registration, go to
https://tsdr.uspto.gov/#caseNumber=85711676&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch  or contact the Trademark Assistance Center at 1-800-786-9199.

To view this notice and other documents for this registration on-line, go to
https://tsdr.uspto.gov/#caseNumber=85711676&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=documentSearch  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

  \*    **For further information, including information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at https://www.uspto.gov/trademark/ or contact the Trademark Assistance Center at 1-800-786-9199.**

# EXHIBIT "E"



# EXHIBIT "F"

# LAW OFFICES LOPEZ & ASSOCIATES

**500 Newport Center Drive, Suite 600**
**Newport Beach, California 92660**
**Telephone: (310)276-4700**
**Fax:  (310)861-0509**

June 25, 2021

***Via Email Edmundo@arenahouston.com; farwest99@aol.com and whatsapp (713)927-4448***

Edmundo Perez
Salvador Rodriguez
FAR WEST
EL VOLCAN SOCIAL CLUB INC.
400 S. Buckner Blvd
Dallas, Texas 75217-6521

Re:  **LA GRAN SONORA TROPIKANA - July 23, 2021 Performance**

Dear Gentlemen:

Please be advised that this firm is counsel to Abel de Luna, in reference to the above captioned matter.   We have been informed that you are advertising, marketing, promoting, an event  for the appearance and performance of the "La Gran Sonora Tropikana", on or about July 23, 2021at the Farwest Dallas located at 400 S. Buckner Blvd., Dallas, Texas 75217. (See attached performance flyer)

***You are hereby placed on notice of the following***:

1.      That Abel de Luna is the licensed registered service mark owner of "Sonora Tropicana"and is the only authorized entity to enter into any agreement or contract for the performance of the "Sonora Tropicana" with any third party. (See attached registration)

2.      That Abel de Luna not enter into an agreement nor has authorized the appearance and performance of the "Sonora Tropicana" with you and/or any other person or entity for any dates, including but not limited to June 25, 2021.

3.      That  any advertisement, marketing and promotional materials which utilizes the name of "Sonora Tropicana" and  that are announcing the appearance and performance of the "La Gran Sonora Tropikana" is an infringement upon Abel de Luna's rights.

4.      That the unauthorized use of the "Sonora Tropicana" mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing "La Gran Sonora Tropikana's goods and services originate from or are associated with "Sonora Tropicana

June 25, 2021
Page 2

5.      That in an action for infringement, which our client is currently intending to bring against you along with any other individual or entity involved in the use, advertising, marketing and promotion of the name "Sonora Tropicana", will be liable for damages, in addition to attorney fees' and costs.

Furthermore, as to liability for conduct that assist others in direct trademark infringement, see Inwood Laboratories, 456 U.S. 844, 10 S.Ct. 2182, the court said that contributory trademark liability is applicable if defendant (1) intentionally induces another to infringe on a trademark or (2) continues to supply a product knowing that the recipient is using the product to engage in trademark infringement.

In addition, providing the site and facilities for known infringing activity may be sufficient to establish contributory liability, see Fonovisa, Inc. v. Cherry Auction, Inc. 76 F.3d 259 (9th Cir. 1996).

On behalf of our client, we hereby demand that you cease and desist from advertising, broadcasting, marketing, promoting, or using the name "La Gran Sonora Tropikana" to advertise, promote and market the event  and that you immediately confirm to us in writing that you will not advertise, broadcast, market, promote, use the name "La Gran Sonora Tropikana in connection with any event scheduled for Farwest Dallas.

Should you fail to immediately comply with the foregoing demand, our client shall be compelled to take such actions against you as may be necessary to  protect its rights and  interests,  in which event you and all others acting in concert with you shall be held individually and jointly liable for compensatory and punitive damages, profits, equitable relief, including without limitation an injunction, attorneys' fees and court cost.

The foregoing is not intended to be a complete statement of the facts or of the law relevant to this matter, nor of our client's legal and equitable rights and remedies, and nothing herein above stated or omitted shall be deemed a waiver or limitation of any right, remedy or cause of action of any kind whatsoever, all of which are hereby expressly reserved to our client.

Respectfully,

*Anthony R. Lopez*

Anthony R. Lopez, Esq.



# EXHIBIT "G"

